# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **RALPHELL YOUNG** | **CIVIL ACTION NO. 18-118-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **MEKESHA CREAL, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaints filed in forma pauperis by pro se plaintiff Ralphell Young ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 30, 2018. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He complains that Defendants violated his civil rights during his criminal trial proceedings. Plaintiff names Mekesha Creal, Douglas Lee Harville, James Stewart, Brady O'Callaghan, Pamela Smart, the Caddo Parish Public Defender's Office, the Shreveport Police Department, the Chief of the Shreveport Police Department, and the City of Shreveport as defendants.

Plaintiff claims he was falsely arrested on October 13, 2016. He claims Shreveport Police Officers filed false, unsubstantiated charges of kidnapping and domestic abuse against him in order to conceal fault. He claims he was not allowed to speak with detectives before the exaggerated charges were filed. He claims the officers failed to properly investigate the incident. He claims the officers omitted certain factors because of gender discrimination. He claims the officers failed to comply with policy.

Plaintiff claims District Attorney James Stewart failed to properly train and supervise ADA Mekesha Creal. Plaintiff claims Creal frivolously prosecuted him. He claims Creal made false statements to the court regarding the reasons the alleged victim attempted to contact him while he was incarcerated. Plaintiff claims Creal lied to the court regarding exculpatory evidence during a bond hearing. He claims Creal failed to present evidence sufficient to justify his prosecution and conviction. Plaintiff claims Creal is overzealous.

Plaintiff claims D. Harville and P. Smart provided him with ineffective assistance of counsel. He claims Smart failed to properly train and supervise Harville. He claims Harville confused him with another client and showed him information regarding the other client's case. He claims Harville failed to properly investigate the matter. He claims Harville failed to make arguments and allowed the Court and the State to violate his rights during the preliminary examination. He claims he was not allowed to speak on his own behalf, produce witnesses, or cross examine witnesses.

Plaintiff claims Judge Brady O'Callaghan failed to properly supervise the performance of the State in his section. He claims Judge O'Callaghan allowed the State to dictate his court. He claims Judge O'Callaghan grants all requests made by the State and denies all requests made by defense counsel. He claims Judge O'Callaghan set an excessive bail.

Plaintiff claims he is scheduled to stand trial for the charges on July 19, 2018.

Accordingly, Plaintiff seeks a change of venue, the recusal of Judge O'Callaghan and ADA Creal, the Caddo District Attorney's Office reprimanded, a new and fair preliminary examination with effective counsel, the charges dismissed, and damages.

## LAW AND ANALYSIS

**Civil Rights Claims**

Plaintiff was charged with kidnapping and domestic abuse. If Plaintiff is ultimately convicted of the pending charges, a favorable ruling on his claims could call into question the validity of his convictions. Plaintiff would not be entitled to seek relief for these claims until such time as the convictions in question had been declared invalid. See Heck v. Humphrey, 512 U.S. 477 (1994).[1] However, since the criminal prosecution in

---

[1] In Heck, the Supreme court held that, in order to recover damages for an allegedly unconstitutional imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

Plaintiff's case remains pending, Heck does not apply at this time. See Wallace v. Kato, 549 U.S. 384 (2007) (the Heck rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

In cases such as Plaintiff's, where charges remain pending, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded.  See Wallace, 549 U.S. at 393-94.

In Wallace, the Court stated, "if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended." Id. at 393-94. The Fifth Circuit has noted that, in such cases, the court "may - indeed should - stay proceedings in the section 1983 case until the pending criminal case has run its course. . . ." Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995); see also Busick v. City of Madison Miss., 90 Fed. Appx. 713, 713–714 (5th Cir. 2004).

---

make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff's civil rights claims should be stayed pending the outcome of the criminal prosecution. Thereafter, in the event Plaintiff is convicted, he may pursue this § 1983 claim only upon a showing that the suit is not barred by Heck.

**Habeas Corpus Claims**

Plaintiff also seeks dismissal of the pending state criminal charges. Such relief is not available in a civil rights action. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action, and, since in this instance Plaintiff attacks the lawfulness of the pending state criminal charges, his remedy, if any, is afforded by 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. Stringer v. Williams, 161 F.3d 259, 262 (5th Cir.1998); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under § 2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and Robinson v. Wade, 686 F.2d 298, 302–03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. § 2241(c)(3), allowing the writ of habeas corpus to petitioners 'in custody in

violation of the Constitution,' rather than under 28 U.S.C. § 2254(a), which requires that custody be 'pursuant to the judgment of a state court.' ")

The jurisprudence requires persons seeking such relief pursuant to § 2241 to first exhaust state court remedies before seeking federal intervention. <u>Dickerson</u>, 816 F.2d at 224–225; <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489–90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); <u>Robinson v. Wade</u>, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Plaintiff seeks dismissal of the pending charges and as shown above, that relief is not available in a civil rights action. To the extent Plaintiff seeks the dismissal of the pending charges, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights claims be **STAYED** until the criminal proceedings against Plaintiff are completed, subject to the following conditions:

I. Within thirty (30) days of the date the state court criminal proceedings have concluded, Plaintiff **SHALL FILE** a motion asking this court to lift the stay. The action will proceed at that time, absent some other bar to suit. See Wallace v. Kato, 549 U.S. 384 (2007).

II. If the criminal proceedings are not concluded within six (6) months, on February 9, 2018, Plaintiff **SHALL FILE** a status report indicating the expected completion date of the proceeding. Additional status reports shall be filed every six (6) months thereafter until the stay is lifted.

III. In light of the stay, Plaintiff **SHALL NOT** file any more documents in this action until the state court proceedings have concluded.

**IT IS FURTHER RECOMMENDED** that this action—insofar as it seeks the dismissal of the pending criminal charges—be **DISMISSED** for failing to state a claim for which relief may be granted pursuant to Section 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the

proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in chambers in Shreveport, Louisiana, this 25th day of June, 2018.

Mark L. Hornsby
U.S. Magistrate Judge